

**International
Association of
Machinists and
Aerospace Workers**

9000 Machinists Place
Upper Marlboro, Maryland 20772-2687

Area Code 301
967-4500



April 28, 2022

Subj: Revocation of Facility Access to Pedro Romero

VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED
*and via email to AUGUSTO.REYES@CBP.DHS.GOV*

Augusto "Ray" Reyes
Director, Air and Marine Operations
Caribbean Air & Marine Branch
Rafael Hernandez Airport
Hanger 405 Bromon Drive
P.O. Box 250585
Aguadilla, PR 00604

Dear Director Reyes:

I am writing to request that you reconsider your decision to deny access to CAMB's facility in Aguadilla to Pedro Romero.

The International Association of Machinists and Aerospace Workers (IAM) has decided to take whatever steps are necessary to secure due process for Mr. Romero. Before we elevate this matter within CBP Air and Marine, or put it before a Federal judge or a Committee of the Congress, we wanted to communicate directly with you.

As we understand the situation, Amentum employee Kenneth Acevedo made allegations against all three Union shop stewards at the location, because the shop stewards were attempting to investigate misapplications of the parties' collective bargaining agreement (CBA) that included underpayment of Mr. Acevedo for work being performed out of class—something they are required to do under the terms of the CBA and the Union's obligations to the bargaining unit under Federal law. These complaints by Mr. Acevedo apparently gave rise to your allegation that Mr. Romero posed some sort of "security concern" at the facility. However, our own internal investigation, as well as the investigation performed by Amentum, has resulted in absolutely no showing of any harassment or "security concerns." The investigations have shown that one employee—Mr. Acevedo—did not want Union representatives upholding the language of the CBA, and now CBP seems to have intervened to retaliate against the IAM's Chief Shop Steward—directly resulting in a chill on all union representational behavior, as the other shop stewards are terrified they, too, will be targeted for unjust retaliation. This action to revoke Chief Steward Pedro

Romero's access to CAMB in retaliation for his union responsibilities is also a violation of the National Labor Relations Act.

Notably, there was no call to any form of law enforcement in response to Mr. Romero's representational duties, and absolutely no evidence of any actual "security concern." The complaining employee, Kenneth Acevedo, himself indicated that he was never afraid for his safety. And we are not aware of anything that might form a factual basis or even an individualized suspicion sufficient to warrant such actions being taken against Mr. Romero.

Despite having no sustainable basis, you revoked facility access from Mr. Romero on March 9, 2022—and despite your purported "security concerns," specifically instructed that Mr. Romero not be removed until March 10 because of a "VIP visit at the CAMB" on March 9. If Mr. Romero were such a "security concern," you would not have issued such an instruction to keep him on base an additional day.

Your actions have taken away Mr. Romero's livelihood, because he cannot do his job for Amentum without access to the facility.

The foregoing facts are why the IAM is asking you to reconsider. One employee being annoyed at the Union for upholding provisions of the CBA is not sufficient justification for the removal of Mr. Romero; frankly, I cannot imagine how anyone could reach the conclusion you made here. Such a result is neither fair nor, we believe, consistent with the values and mission of CBP Air and Marine, and a violation of the National Labor Relations Act (at a minimum).

As a Union, the IAM supports the mission and the integrity of CBP Air and Marine. We represent tens of thousands of service contract employees who work on military bases and in other protective services of the United States. Our members are proud of their work in our country's national defense.

We are not strangers to the discretion accorded to base commanders and other facility managers with respect to facility access. That discretion, however, is not without limits. The U.S. Supreme Court wrote, in 1961, that commanding officers on military bases cannot be "purely arbitrary" in making access decisions. *Cafeteria and Restaurant Workers Union, Local 473 v. McElroy*, 367 U.S. 886 (1961). The Court has not spoken to the standard for reviewing access decisions on non-military facilities, but it would surely not give a person such as yourself more deference. And if we use the "purely arbitrary" standard, your decision with respect to Mr. Romero would not survive such scrutiny. It was clearly arbitrary to remove Mr. Romero's access to the CAMB.

Amentum has provided us with the results of its own internal investigation, where it determined that Mr. Romero did not engage in harassment of Mr. Acevedo, and that Mr. Acevedo was at no time afraid of Mr. Romero.

As we noted at the beginning of this letter, the IAM has decided to take whatever steps are necessary to represent Mr. Romero. We can elevate this matter within CBP Marine and Air. We can sue in Federal court to overturn your decision. We are actively considering Congressional

action and oversight as well. However, we did not want to take any of these steps without first communicating with you.

I would be happy to discuss this matter with you, or, if you wish to refer this matter to agency counsel, with whomever that may be. I can be reached at the address above, by email at lewan@iamaw.org, or by telephone at (301) 967-4510.

The IAM intends to act promptly. If you or agency counsel wish to respond to this letter, please do so within five (5) working days of receipt.

Sincerely,

Laura Ewan
ASSOCIATE GENERAL COUNSEL

Cc:    GVP Wallace
       COS Martin
       GLR Almazán, Sr.
       GLR Little
       GLR Garcia